IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00407-FL

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | **MOTION FOR PRELIMINARY** |
| v. | : | **ORDER OF FORFEITURE** |
| | : | |
| STEPHANIE CHAVIS | : | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully requests that the Court enter, pursuant to Fed. R. Crim. P. 32.2, the proposed Preliminary Order of Forfeiture filed herewith.

In support of this motion, the Government shows unto the Court the following:

1. On October 18, 2018, the defendant was charged in a Criminal Indictment with offenses in violation of 18 U.S.C. § 1343, 18 U.S.C. §§ 1028A(a)(1) and (c)(5), and 18 U.S.C. § 641, 18 U.S.C. §§ 1028A(a)(1) and (c)(1). The Indictment provided notice to the defendant that pursuant to 18 U.S.C. § 981(a)(1)(C), the United States would seek to forfeit any property with the requisite nexus to the offenses charged as set forth more particularly in the Forfeiture Notice, including but not limited to the below-listed property. The government also provided notice that, in the event such property cannot be located, it would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

1

2. On April 16, 2019, the defendant entered a plea of guilty pursuant to a written Plea Agreement as to Counts Eight and Eleven of the Criminal Indictment, specifically 18 U.S.C. § 1343 and 18 U.S.C. §§ 1028A(a)(1) and (c)(5).

3. Pursuant to the Memorandum of Plea Agreement [D.E. 29], the defendant agreed to voluntarily forfeit and relinquish to the United States the property specified in the forfeiture notice in the Indictment, which included, among other things, the gross proceeds of the offense in the amount of at least $760,966.49 and a 2011 Harley Davidson motorcycle.

4. Criminal forfeiture is a mandatory element of a defendant's sentence in cases where Congress has legislated forfeiture authority. *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014). Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides that as soon as practicable after an adjudication of guilt, "the court must determine what property is subject to forfeiture under the applicable statute" by ascertaining whether "the requisite nexus" or connection between the property and the offense exists or, if directly forfeitable property is unavailable, the equivalent "amount of money" that the defendant will be ordered to satisfy through the forfeiture of substitute assets. The Government's burden of proof as to the issue of forfeiture is by a preponderance of the evidence. *United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995). The Court may make its forfeiture determination based on "evidence already in the record, including any written plea agreement, and on any additional evidence submitted by the parties and accepted by the court as relevant and reliable," including in reliance on hearsay and circumstantial evidence. Fed. R. Crim. P.

32.2(b)(1)(B); *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005). Once a court determines that forfeiture is appropriate, the court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." Fed. R. Crim. P. 32.2(b)(2)(A).

5. Pursuant to 18 U.S.C. § 981(a)(1)(C), a defendant convicted of any offense constituting "specified unlawful activity" as defined by 18 U.S.C. §§ 1956(c)(7) and 1961(1), including, *inter alia*, violation of 18 U.S.C. § 1343, shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.[1] This civil forfeiture authority is made applicable to criminal proceedings by virtue of 28 U.S.C. § 2461(c).

6. Pursuant to the defendant's guilty plea, the stipulations of in the Plea Agreement, and the entire record of the case, the Government requests that the Court

---

[1] Property is forfeitable as "proceeds" if it satisfies the "but for" test; that is, if the defendant "'would not have [obtained or retained the property] *but for* the criminal offense.'" *United States v. Farkas*, 474 F. App'x 349, 360 (4th Cir. 2012) (summarizing and quoting caselaw); 18 U.S.C. § 1956(c)(9) (defining proceeds as "property derived from or obtained or retained … through some form of unlawful activity"). The proper measure is the total gross receipts (not the net gain or profit realized) of any offense involving the illegal goods, illegal services, unlawful activities, and telemarketing and health care fraud schemes. 18 U.S.C. § 981(a)(2)(A). Strict tracing is not required insofar as the government need not link property to a particular illegal transaction but may trace proceeds to the charged course of conduct generally. *See United States v. Hailey*, 887 F. Supp. 2d 649, 653 (D. Md. 2012). Additionally, "the law does not demand mathematical exactitude in calculating the proceeds subject to forfeiture," but rather allows courts to "'use general points of reference as a starting point' for a forfeiture calculation and 'make reasonable extrapolations' supported by a preponderance of the evidence." *United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011) (citation omitted).

3

enter, as the statute requires, a Preliminary Order of Forfeiture regarding the following directly forfeitable property in which the defendant (or any combination of defendants in this case) has or had a forfeitable interest:

Forfeiture Money Judgment:

a) A sum of money in the amount of $760,966.49, representing the gross proceeds personally obtained by the defendant as a result of the said offense(s) for which he has been convicted; and an amount for which the defendant shall be solely liable and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p)[2]; and

b) One (1) 2011 Harley Davidson, Model FLHX motorcycle, VIN: 1HD1KB412BB633411.[3]

WHEREFORE, the Government respectfully requests the Court to enter the attached proposed Preliminary Order and Judgment of Forfeiture.

[*Remainder Left Intentionally Blank*]

---

[2] The amount of $760,966.49 represents the amount of SSI benefits that the defendant fraudulently obtained, as set forth in paragraphs 9-17 of the Presentence Investigation Report [DE-39]. Since this money is not currently in the possession of or its whereabouts known to the government, the government will seek to satisfy this forfeiture judgment using the substitute assets provision of 21 U.S.C. § 853(p).

[3] The Harley Davidson motorcycle was purchased with fraud proceeds, *see, e.g.*, Presentence Investigation Report ¶ 15, and the defendant has agreed to its forfeiture in her Plea Agreement. The government will credit the forfeiture judgment set forth above with the net proceeds, if any, from the sale of the motorcycle upon its final forfeiture.

Respectfully submitted this 30th day of September, 2021.

                    G. NORMAN ACKER, III
                    Acting United States Attorney


                    BY: /s/ John E. Harris
                          JOHN E. HARRIS
                    Assistant United States Attorney
                    Attorney for Plaintiff
                    Civil Division
                    150 Fayetteville Street, Suite 2100
                    Raleigh, NC  27601
                    Telephone:  (919) 856-4530
                    Facsimile:   (919) 856-4821
                    E-mail: John.Harris5@usdoj.gov
                    NC State Bar No. 49253

CERTIFICATE OF SERVICE

I certify that I have on this 30th day of September, 2021, served a copy of the foregoing Motion for Preliminary Order of Forfeiture upon counsel electronically via ECF:

Lauren Harrell Brennan
Email: lauren_brennan@fd.org

Robert E Waters
Email: robert_waters@fd.org

G. NORMAN ACKER, III
Acting United States Attorney


BY: /s/ John E. Harris
     JOHN E. HARRIS
Assistant United States Attorney
Attorney for Plaintiff
Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: John.Harris5@usdoj.gov
NC State Bar No. 49253